Filed 1/19/22  P. v. Askia CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ABDUL MAJEED ASKIA,<br><br>Defendant and Appellant. | B314166<br><br>(Los Angeles County<br>Super. Ct. No. MA063233) |

APPEAL from an order of the Superior Court of Los Angeles County, Daviann L. Mitchell, Judge.  Affirmed.

Cheryl Lutz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————

This is the third appeal brought by defendant Abdul Majeed Askia following his convictions for attempted murder and assault with a deadly weapon. In defendant's first appeal, we remanded for the trial court to exercise its discretion whether to strike defendant's prior serious felony enhancement. The trial court declined to strike the enhancement. In defendant's second appeal, we affirmed the judgment, but directed the trial court to correct two errors in the abstract of judgment. The trial court made those corrections. The trial court later identified a third error, which the trial court corrected in an order.

This third appeal is from the order correcting the abstract of judgment. Defendant's appointed counsel filed a brief pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*), identifying no issues. Defendant filed two supplemental briefs.

We have reviewed the record and conclude the abstract of judgment now correctly reflects the judgment, and there are no arguable issues on appeal. The issues defendant raises in his supplemental briefs are without merit or not properly before us. Accordingly, we affirm.

## FACTUAL BACKGROUND

We provided a detailed summary of the underlying facts in our opinion from defendant's first appeal, *People v. Askia* (July 29, 2019, B290450) [nonpub. opn.]. In short, the prosecution presented evidence that in June 2014, defendant attacked the woman with whom he was living, stabbing her multiple times with a knife and either strangling her or stepping on her neck, fracturing her vertebrae in the process. The victim fell unconscious from her injuries but survived.

2

## PROCEDURAL BACKGROUND

An information charged defendant with attempted murder (count 1) and assault with a deadly weapon (count 2), and alleged enhancements for use of a deadly and dangerous weapon in the commission of the attempted murder (Pen. Code[1], § 12022, subd. (b)(1)), and infliction of great bodily injury in the commission of both the attempted murder and the assault (§ 12022.7, subd. (a)). The information alleged that defendant suffered a prior conviction for murder within the meaning of the "Three Strikes" law.[2]

The trial court initially found defendant incompetent to stand trial, and he spent time at Patton State Hospital. Trial ultimately occurred, and the jury convicted defendant of both counts and found the enhancement allegations true. The trial court found defendant previously had been convicted of murder in 1974. The trial court denied defendant's motion for a new trial.

The trial court sentenced defendant to life in prison on the attempted murder count, with a five-year enhancement for the prior conviction under section 667, subdivision (a)(1), and a three-year enhancement for infliction of great bodily injury under section 12022.7, subdivision (a). The trial court stayed the deadly and dangerous weapon enhancement under section 12022, subdivision (b)(1). The trial court stayed rather than pronounce sentence on the assault charge under section 654, and did not pronounce sentence on the accompanying bodily injury enhancement.

---

[1] Unspecified statutory citations are to the Penal Code.

[2] The information contained other allegations that the trial court dismissed on the prosecution's motion.

In defendant's first appeal, we modified the judgment to impose, then stay, the sentence for the assault charge and its accompanying bodily injury enhancement, and to strike, rather than stay, the deadly weapon enhancement. As modified, we affirmed the judgment. We remanded, however, for the trial court to exercise its newly enacted discretion whether to strike the five-year enhancement under section 667, subdivision (a)(1).

On remand, the trial court held a hearing with defendant and his counsel present, and declined to exercise its discretion to strike the five-year enhancement under section 667, subdivision (a)(1). Consistent with our instructions, the trial court imposed, then stayed, sentence on the assault count and its accompanying bodily injury enhancement, and struck the deadly weapon enhancement. The trial court prepared an amended abstract of judgment dated July 1, 2020.

Defendant filed a second appeal. His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), identifying no issues and requesting that this court review the record and determine whether any arguable issue existed on appeal. Defendant filed a supplemental brief challenging the trial court's decision not to strike the section 667, subdivision (a)(1) enhancement, and raising various other issues.

We resolved defendant's second appeal in *People v. Askia* (Nov. 19, 2020, B304380) [nonpub. opn.]. We reviewed the record and found no arguable issue. We concluded defendant had forfeited his challenge to the trial court's decision to leave the five-year enhancement in place, and on the merits, the trial court had not abused its discretion. We held that defendant's other arguments were not cognizable in that appeal, either because

4

they concerned issues that were, or could have been addressed in his first appeal, or were beyond the scope of what the trial court addressed upon our limited remand following the first appeal. Accordingly, we affirmed the judgment.

Our opinion also identified two clerical errors in the July 1, 2020, abstract of judgment. First, although the trial court had left the five-year enhancement under section 667, subdivision (a)(1) in place, that enhancement did not appear in the abstract of judgment. Second, although the trial court had imposed a sentence for the assault count, stayed pursuant to section 654, the abstract of judgment did not indicate the sentence imposed. We directed the trial court to correct these errors.

The trial court then prepared a second amended abstract of judgment dated March 1, 2021. Consistent with our instructions, the second amended abstract included the five-year enhancement under section 667, subdivision (a)(1), and further indicated the trial court had imposed, then stayed, the middle term on the assault count.

Upon receipt and review of the second amended abstract of judgment, the Department of Corrections and Rehabilitation sent a letter to the trial court noting that the abstract did not include the enhancement under section 12022, subdivision (b)(1), the deadly and dangerous weapon enhancement. The trial court responded to the letter by issuing an order on June 14, 2021, explaining that the deadly and dangerous weapon enhancement had been stricken as we directed in defendant's first appeal, and thus properly was omitted from the abstract of judgment.

In its order, however, the trial court noted a previously undiscovered error. The second abstract of judgment

5

inadvertently indicated the two bodily injury enhancements under section 12022.7, subdivision (a) were both imposed on count 1, attempted murder, rather than one enhancement on count 1 and the other on count 2.[3] The trial court ordered this error corrected. The trial court then issued a third amended abstract of judgment, dated July 12, 2021, indicating one three-year bodily injury enhancement on the attempted murder count, and a second such enhancement on the assault count, with that second enhancement stayed under section 654.

Defendant timely appealed from the trial court's order correcting the abstract of judgment.

## DISCUSSION

Defendant's counsel filed a brief identifying no appealable issues and requesting that we follow the procedures set forth in *Serrano*, *supra*, 211 Cal.App.4th 496. Under those procedures, we have no duty independently to review the record for reasonably arguable issues, although we must evaluate any arguments raised by defendant in his supplemental briefing. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039–1040, review granted Oct. 14, 2020, S264278.) We nonetheless have reviewed independently the full record, thus satisfying our obligations under *Wende*, *supra*, 25 Cal.3d 436, as well. We therefore need not decide whether *Wende* or *Serrano* applies to this appeal.

We first address the arguments raised in defendant's two supplemental briefs. He characterizes the trial court's order correcting the abstract of judgment as "resentencing" him, and claims he was wrongly denied appointment of counsel and a

_____

[3] This error also appeared on the first amended abstract of judgment dated July 1, 2020.

6

hearing.  Defendant's characterization is incorrect, because the trial court did not resentence defendant or otherwise modify his sentence.  Rather, the trial court corrected the abstract of judgment to conform to the oral pronouncement of judgment, a judgment defendant already has had the opportunity to challenge in his two prior appeals, and which we have previously affirmed. We are aware of no authority that a criminal defendant is entitled to counsel and a hearing when the trial court merely corrects clerical errors, nor does defendant cite any such authority.

Defendant contends that his appointed appellate counsel "abandon[ed]" him by not asserting the arguments he proposed or "asking [defendant's] views on the issues."  Our own independent review of the record reveals no errors on the part of the trial court, and therefore no arguments of merit appellate counsel could have put forth.
Appellate counsel has complied with her duty.

Defendant argues that law enforcement and the United States Department of Homeland Security have threatened and orchestrated violent attacks against him to obstruct his public speaking.  He demands an evidentiary hearing to determine the validity of his claims.  These arguments are unrelated to the order from which defendant appeals, and therefore are not properly before us.

Defendant contends throughout his "Judicial Process" there has been "negligence or clerical error," "newly discovered evidence," and an unidentified issue with a *Marsden*[4] hearing. Apart from the reference to clerical error, these arguments would

---

[4]  *People v. Marsden* (1970) 2 Cal.3d 118.

7

appear to be unrelated to the order from which he appeals, and again are not properly before us. As to any clerical error, our independent review indicates the trial court has remedied all such errors and the most recent abstract of judgment accurately reflects the actual judgment.

As he did in his supplemental brief filed in his second appeal, defendant raises arguments concerning his treatment at Patton State Hospital. Again, these arguments are unrelated to the order from which he appeals and are not properly before us.

Assuming arguendo this appeal is subject to *Wende* review, we have reviewed the record and find no arguable issue. Appointed counsel has fully complied with counsel's responsibilities and no arguable issue exists. (*People v. Kelly* (2006) 40 Cal.4th 106, 126; *Wende, supra,* 25 Cal.3d at pp. 441–442.)

## DISPOSITION

The order correcting the abstract of judgment is affirmed. <u>NOT TO BE PUBLISHED.</u>

BENDIX, J.

We concur:

ROTHSCHILD, P. J.　　　　　CHANEY, J.

8